**KOKORIS et al. v. JOHNSON et al.**

No. 6379.

United States Court of Appeals
Fourth Circuit.

Argued March 10, 1952.

Decided April 3, 1952.

Harold Bernstein, pro se.

David E. Satterfield, III, Asst. U. S. Atty., Richmond, Va. (A. Carter Whitehead, U. S. Atty., Richmond, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

Burt M. Morewitz and J. L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on brief), for appellants.

Albert E. Reitzel, Asst. Gen. Counsel, U. S. Immigration and Naturalization Service, Washington, D. C. (A. Carter Whitehead, U. S. Atty., Richmond, Va., and Charles R. Dalton, Jr., Asst. U. S. Atty., Norfolk, Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

 This is another appeal in the cases of the five foreign seamen who were before us in Kokoris v. Johnson, 4 Cir., 180 F.2d 355. The order of the District Court was reversed on that appeal because we were of opinion that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., had not been complied with as required by the decision of the Supreme Court in Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, and the cases were remanded for further proceedings not inconsistent with the decision in that case. Upon the remand, the District Judge refused to pass upon the validity of the deportation orders against the appellant seamen but allowed the orders to stand while dismissing as moot the proceedings brought to have them declared void because the seamen had either departed or been deported from the country. We think that the seamen are entitled to have the validity of the orders of deportation determined in the proceedings instituted for that purpose, since these orders may result in their being prosecuted for crime if they should hereafter attempt to come into the country. It should be noted in this connection that we are dealing not with habeas corpus proceedings, where presence of the person deprived of liberty is essential to the court's jurisdiction, but with proceedings questioning the validity of administrative orders and asking that they be enjoined or set aside. We think that such proceedings are not rendered moot merely because petitioners are not within the country and that they are entitled to have the orders, which affect their rights and status, vacated or declared void if violative of the provisions of the Administrative Procedure Act. The order appealed from will accordingly be reversed and the case will be remanded with direction to pass upon the validity of the deportation orders.

Reversed and remanded with directions.